UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

ANGELA D. CLEMENS,

    Plaintiff,

v.                                                          ACTION NO. 2:07cv244

HOME SAVERS, LLC,

    Defendant.

**OPINION & ORDER**

This matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. On June 19, 2007, all parties consented to trial before a Magistrate Judge, and an order of reference was entered.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

According to her complaint, Angela D. Clemons ("Clemons") contacted Home Savers, LLC[1] ("Home Savers") in October 2006 in an effort to refinance her home and avoid foreclosure. Clemons alleges that Home Savers's employee, William F. Law, Jr. ("Law"), instructed her to deed her property located at 2016 Candlelight Drive in Chesapeake, Virginia as a security interest. In exchange, Home Savers allegedly agreed to assume her mortgage and satisfy the debt in arrears. On October 20, 2006, the parties executed an agreement of sale and Clemons transferred to Home

---

[1] Home Savers is a limited liability company organized under the laws of the Commonwealth of Virginia.

1

Savers the title to her home.

The parties also executed a lease agreement that allowed Clemons to lease the property for $850.00 per month for five months. The lease stipulated that Clemons could be forced to vacate the property should she fail to pay rent within 5 days after it became due. At the expiration of the five month term, the lease gave Clemons the option to repurchase her property from Home Savers for 90% of its appraised value. If Clemons failed to exercise this option by February 20, 2007, or if she failed to pay any portion of the rent in accord with the lease agreement, the option to purchase would terminate.

In March 2007, Clemons was unable to pay her rent in accord with the lease agreement. Thereafter, Home Savers refused to allow Clemons to repurchase her property and sent a letter instructing her to vacate the property by May 1, 2007.

Clemons originally filed her eleven-count complaint in the Circuit Court of Chesapeake alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.,* as well as state law claims including fraud, breach of fiduciary duty, conversion, and breach of implied covenant of good faith and fair dealing. On May 24, 2007, the defendants[2] removed the case to this Court based on federal question jurisdiction. On June 26, 2007, Home Savers filed this motion to dismiss all but one of the Plaintiff's counts.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move the court to dismiss a cause of action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

---

[2] On August 10, 2007, the parties stipulated to the dismissal of defendant, White and Selkin.

12(b)(6). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint; it "'does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses.'" Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). A plaintiff "must sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist." Jordan v. Alternative Res. Corp., 458 F.3d 332, 344-45 (4th Cir. 2006). The Supreme Court recently advised that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal quotations and citations omitted).

In ruling on a motion to dismiss, the Court must accept as true well-pleaded allegations and construe them in favor of the non-moving party. Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). Moreover, the Court may rely upon allegations in the complaint and those documents attached as exhibits. Anheuser-Busch, Inc. v. Schmoke, 63 F.3d 1305, 1312 (4th Cir. 1995). With these controlling principles in mind, the Court turns to the merits of Home Savers's motion.

### III. ANALYSIS

Home Savers moves this Court to dismiss all but Count VII of Clemons's complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons that follow, the Court will grant Home Savers's motion as to Count II, but deny the motion as to the remaining counts.

A.  **Fraud, Conversion, Unjust Enrichment, Constructive Trust & Resulting Trust, & Quiet Title Claims (Counts I, III, IV, IX and X)**

Although Home Savers purports to move for dismissal of all but one of the Plaintiff's counts, the brief accompanying its motion neglects to specifically address Counts I, III, IV, IX, and X. It is the defendant's burden to supply the law and facts to support its motion to dismiss. Without supporting arguments and citation of authorities pursuant to Local Civil Rule 7(F)(1) of the Eastern District of Virginia, this Court denies Home Savers's motion as to these counts.

B.  **Breach of Fiduciary Duty & Negligence (Count II)**

Clemons claims that Home Savers, as a business engaged in home refinancing, owed her a fiduciary duty to act in good faith. She further alleges that Home Savers breached that fiduciary duty by converting her property and equity to its own use.

A properly pled breach of fiduciary duty claim must state an independent tort from a breach of contract claim. Vanguard Military Equip. Corp. v. David B. Finestone Co., 6 F. Supp. 2d 488, 492 (E.D. Va. 1997). That is, "the duty tortiously or negligently breached must be a common law duty, not one existing between the parties by virtue of the contract." Foreign Mission Board v. Wade, 409 S.E.2d 144, 148 (Va. 1991) (internal citations omitted). The following are examples of fiduciary relationships recognized by Virginia courts: attorney and client, agent and principal, trustee and *cestui que* trust, parent and child, siblings, and caretaker and invalid. Martin v. Phillips, 369 S.E.2d 397, 399-400 (Va. 1988) (internal citations omitted), *overruled on other grounds by*, Friendly Ice Cream Corp. v. Beckner, 597 S.E.2d 34 (Va. 2004) .

Count II does not set forth an independent tort because the duty allegedly breached by Home Savers was created solely by virtue of the contract between the parties. Although Clemons classifies

the duty a "fiduciary duty," there is no basis to assert that Home Savers owed any more than the duty of good faith and fair dealing implied in every contract. See Pennsylvania Life Insurance v. Bumbrey, 665 F. Supp. 1190, 1195 (E.D. Va. 1987). Further, the Court finds that no special relationship existed between Clemons and Home Savers. Instead, the allegations contained in the complaint suggest that the parties were engaged in an arms length business relationship governed by a contract. Because Plaintiff has failed to state a claim upon which relief can be granted, this count must be dismissed.

C.     **Breach of Implied Covenant of Good Faith & Fair Dealing (Count V)**

Clemons also alleges that Home Savers breached an implied duty of good faith and fair dealing by self-dealing, denying Clemons her rights as set forth in state and federal law, and entering a contract without any intent to fulfill the obligations contained in the contract.

"Under Virginia law, every contract contains an implied covenant of good faith and fair dealing in the performance of the agreement." Pennsylvania Life Insurance, 665 F. Supp. at 1195; see also Virginia Vermiculite, Ltd. v. W.R. Grace & Co., 156 F.3d 535, 542 (4th Cir. 1998). While Home Savers argues otherwise, its argument is erroneously based on Virginia law governing *employment* contracts. See Devnew v. Brown & Brown, Inc., 396 F. Supp. 2d 665, 671 (E.D. Va. 2005) ("[T]he Commonwealth does not recognize a cause of action for breach of an implied covenant of good faith and fair dealing in employment contracts, and in at-will employment contracts in particular."); see also Murray v. Cees of Virginia, Inc., 29 Va. Cir. 95, 96 (Va. Cir. Ct. 1992). Because Clemons's complaint alleges facts sufficient to support the finding of a contractual relationship between the parties and a breach of the implied covenant of good faith and fair dealing, the Defendant's motion to dismiss Count V is denied.

**D.      Truth In Lending Act, 15 U.S.C. § 1601 *et seq.* (Count VI)**

The pivotal issue in this case involves the nature of the transaction between the parties. Clemons argues that the subject transaction was actually a mortgage loan transaction, and as such, Home Savers is subject to certain disclosure requirements under the Truth in Lending Act ("TILA"), 15 U.S. C. § 1601 *et seq.*, and its implementing regulation, Regulation Z, 12 C.F.R. § 226. According to Clemons, Home Savers failed to comply with all the TILA requirements. She further claims that such a failure entitles her to actual and statutory damages and gives her a right of rescission. Alternatively, Home Savers contends that the parties engaged in a sale and leaseback, not a loan.

The TILA defines the term "mortgage," in part, as "a consumer credit transaction that is secured by the consumer's principal dwelling." 15 U.S.C. § 1602 (aa)(1). Additionally, Regulation Z states that a "security interest" is an interest securing performance that is recognized by state law. 12 C.F.R. § 226.2(a)(25).

In Virginia, a deed absolute on its face is presumed absolute unless the party challenging the presumption can prove by clear, unequivocal and convincing evidence that it is something other than what it appears to be. Pretlow v. Hopkins, 30 S.E.2d 557, 558 (Va. 1947). Accordingly, the court may find that an instrument appearing to convey fee simple title is actually an equitable mortgage in which the grantee holds a mortgagee's interest and must reconvey the property to the grantor when the grantor repays the underlying debt. Seven Springs, Inc. v. Abramson, 159 B.R. 752, 755 (E.D.Va. 1993). To determine whether a conveyance should be construed as an equitable mortgage, the court first considers whether a borrower-lender relationship exists between the parties. Id. at 756. Stated simply, there must be some debt owed by the grantor to the grantee which is secured by

title to the property.  Id.

Once a borrower-lender relationship is established the court may take account of four additional factors: (1) the intentions of the parties; (2) the adequacy of consideration; (3) the retention of possession by the grantor; (4) and satisfaction or survival of the debt.  Id.

Here, Clemons alleges that Home Savers loaned funds to satisfy her debt in arrears so that she could refinance her mortgage.  She also asserts that the parties intended the Deed of Assumption to operate only as a security interest; she received nominal consideration for the conveyance; she retained possession of the property; and Home Savers never assumed her debt, rather the mortgage remained in her name.  Thus, the Plaintiff has properly pled facts that suggest the subject transaction was an equitable mortgage within the purview of the TILA.  This court denies Home Savers's motion to dismiss Count VI.

### E.   Mortgage Lender and Broker Act, Va. Code Ann. § 6.1-422 (Count VIII)

Clemons next claims that Home Savers violated similar state law disclosure requirements under the Mortgage Lender and Broker Act ("MLBA").[3]  Va. Code Ann. § 6.1-422.  Home Savers, however, argues that it did not act as a "mortgage lender" nor made a "mortgage loan," and; therefore, its conduct during the transaction was not governed by Virginia law.

Under the MLBA, a mortgage lender is "any person who directly or indirectly originates or

---

[3] Although a District Court in the Eastern District of Virginia recently held that section 6.1-431 of the Virginia Code "[did] not create a private cause of action under the MLBA," the Plaintiff's claim is distinguishable.  See Williams v. Equity Holding Corp., Civil Action No. 2:07cv66, 2007 U.S. Dist. LEXIS 56762, 2007 WL 2230723, at *11 (E.D. Va., Aug. 3, 2007).  In Williams, the plaintiff alleged numerous violations of the MLBA and asked for damages and attorney's fees under section 6.1-431.  Id.  Here, Clemons seeks to recover under a separate section of the statute which expressly provides that "any party to a mortgage loan may enforce the provision of this section or § 6.1-422." Va. Code Ann. § 6.1-422.1.

7

makes mortgage loans." Va. Code Ann. § 6.1-409. As set forth above, Clemons has adequately alleged that the subject transaction was an equitable mortgage. It follows then that the same factual allegations suggest that Home Savers acted to "directly or indirectly . . . make[] [a] mortgage loan[]."

Further, the statute defines the term "mortgage loan," in part, as "a loan made to an individual . . . secured by a mortgage or deed of trust in . . . residential owner-occupied property located in the Commonwealth." Id. Again, Clemons contends that the transaction between the parties was a loan secured by a Deed of Assumption, which the parties intended as documentation of their security agreement. Given these allegations, the Court may infer that Clemons has a cause of action under the MLBA. Thus, Home Savers's motion to dismiss Count VIII is denied.

**F.     Declaratory Relief (Count XI)**

Finally, Home Savers summarily states that "under the circumstances alleged, this court should decline to exercise its jurisdiction to entertain an action for declaratory relief." (Def.'s Mem. Supp. Mot. Dismiss 3.) This conclusory statement does not persuade the Court that Plaintiff's request for declaratory relief is without merit. Therefore, Defendant's motion to dismiss Count XI is denied.

### IV.  ORDER

For the foregoing reasons, the Court GRANTS the Defendant's Motion to Dismiss Count II and DENIES the Defendant's Motion to Dismiss Counts I, III, IV, V, VI, VIII, IX, X, and XI..

The Clerk shall mail a copy of this Opinion and Order to all counsel of record.

                                                                    /s/                              
                                             Tommy E. Miller
                                  UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
September 21, 2007